# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Board of Trustees of the Teamsters Joint Council 32-Employer Health and Welfare Fund,<br><br>Plaintiff,<br><br>v.<br><br>Northwestern Fruit Company,<br><br>Defendant. | Case No. 24-CV-00496 (JMB/DJF)<br><br>**ORDER** |

Jane C. Poole, Andrew & Bransky PA, Duluth, MN, for Plaintiff Board of Trustees of the Teamsters Joint Council 32-Employer Health and Welfare Fund.

Unrepresented, Northwestern Fruit Company.

This matter is before the Court on Plaintiff Board of Trustees of the Teamsters Joint Council 32-Employer Health and Welfare Fund (Board)'s request for entry of default judgment on its claims against Defendant Northwestern Fruit Company (Northwestern) arising under the terms of a collective bargaining agreement (the CBA) and the Employment Retirement Security Income Act (ERISA), 29 U.S.C. § 1145. (Doc. No. 9.)

## BACKGROUND

On February 16, 2024, the Board filed its Complaint, in which it alleges that Northwestern breached the terms of both a CBA to which it is bound and ERISA by failing to submit certain monthly fringe-benefit remittance reports (Reports) and other audit materials to the Board and to make certain fringe-benefit contributions to a multiemployer

1

health plan, for which the Board is a fiduciary, for the period March 2023 through January 2024. (Doc. No. 1 [hereinafter, "Compl."] at ¶¶ 4–5.) Despite being served with process on February 22, 2024 (*see* Doc. No. 4), Northwestern failed to file an answer or to otherwise respond to the Board's Complaint. Consequently, on April 16, 2024, the Board applied for an entry of default under Federal Rule of Civil Procedure 55(a). (Doc. Nos. 5, 7.)

## DISCUSSION

The Board now seeks entry of default judgment. In its motion, the Board asks the Court to order that Northwestern produce the Reports and to award monetary damages in an amount to be determined based on the contents of the Reports. (Doc. No. 9.) As discussed below, the Court grants the motion in part.

When considering whether to grant a plaintiff's motion for default judgment based on a defendant's failure to respond to a complaint, the Court asks whether the unchallenged factual allegations in the complaint, taken as true, "constitute a legitimate cause of action." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quotations omitted). If they do, then the damages amount and other terms of the default judgment can be determined. However, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Here, the Complaint alleges a legitimate cause of action. ERISA plainly allows for a CBA to require a plan participant to provide monthly audit materials and contributions. *See* 29 U.S.C. § 1145. Fiduciaries of a plan under ERISA—like the Board—are entitled to

2

liquidated damages, attorneys' fees, and injunctive relief in an action to recover a plan participant's unpaid contributions. *See* 29 U.S.C. § 1132(g)(2). The Board alleges that Northwestern failed to make required fringe-benefit contributions to the plan or submit audit materials for the period of March 2023 through January 2024. (Compl. at ¶¶ 4–5.)

At this point, the Board has sufficiently pleaded liability and is entitled to injunctive relief to obtain the Reports and other audit materials. *See Bricklayers & Allied Craftworkers Serv. Corp. v. W. River Masonry, Inc.*, No. 21-CV-1257 (ECT/BRT), 2021 WL 4033305, at *2 (D. Minn. Aug. 16, 2021) ("Injunctive relief requiring a defendant to produce specific records as [the plaintiff] seeks here, is consistent with ERISA."). However, the Board has not alleged a sum certain for default judgment in its Complaint because the alleged contributions owed depend on the contents of the Reports and audit materials not yet in its possession. As a result, granting default judgment on damages at this stage is not appropriate. *Hagen*, 205 F.3d at 1042. As a further consequence, awarding any amount in attorneys' fees and costs incurred to date would be premature, as those amounts will necessarily increase before judgment can be entered. *See Bricklayers*, 2021 WL 4033305, at *2.

Based on the foregoing, and on all the files, records, and proceedings, IT IS HEREBY ORDERED that the Board's Motion for Default Judgment (Doc. No. 9) is GRANTED IN PART as follows:

1. Plaintiff's request for relief pursuant to 29 U.S.C. § 1132(g)(2)(E) is GRANTED;

2. Within fourteen days of being served a copy of this Order, Defendant must submit to Plaintiff complete and accurate monthly fringe-benefit remittance reports for the period of March 2023 through April 2024;

3. Defendant shall produce all necessary employment and payroll audit records for the period of January 2019 through the date of this Order that relate to Defendant's employees covered by the CBA, including any other relevant information that is required in connection with the administration of the Funds.

4. The amount Defendant may owe in delinquent contributions, liquidated damages, interest, and reasonable attorneys' fees and costs will be determined by the Court according to the following steps:

    a. Within twenty days of receiving the monthly reports referenced in this Order from Defendant, Plaintiff may file and serve a motion seeking entry of default judgment for any unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and costs;

    b. Defendant may thereafter file and serve a response within ten days of being served Plaintiff's motion referenced immediately above; and

    c. The Court will thereafter examine the parties' submissions and determine whether a hearing is necessary.

Dated: July 29, 2024                                             /s/ *Jeffrey M. Bryan*
                                                                 Judge Jeffrey M. Bryan
                                                                 United States District Court